```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFERSON McLAMB,

                Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           07-CV-492(JS)(MLO)
PEOPLE OF THE STATE OF NEW YORK,
COUNTY OF SUFFOLK, NEW YORK,
DEPARTMENT OF CORRECTIONS MOVEMENT
AND CONTROLL CLASSIFICATION ALBANY
NEW YORK,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:          Jefferson McLamb, Pro Se
                        No. 90-T-1283
                        Cayuga Correctional Facility
                        P.O. Box 1186
                        Route 38A
                        Moravia, New York 13118

For Defendants:         No Appearance

SEYBERT, District Judge:
```

Plaintiff, Jefferson McLamb ("Plaintiff"), seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff asks that this Court (1) declare invalid Plaintiff's 1969 conviction, that Plaintiff received ineffective assistance of counsel during his criminal trials, and that Plaintiff's guilty plea was not a knowing and intelligent waiver of his right to a trial by jury, and that his civil rights were violated, (2) restrain Defendants from using his 1969 and 1975 convictions as a basis to classify Plaintiff as a persistent and predicate felony offender, and (3) enjoin Defendants from depriving Plaintiff of his statutory right to conditional release. (Complaint 4-6.)

For the reasons below, the Court sua sponte DISMISSES the Complaint with prejudice for lack of subject matter jurisdiction.

**LEGAL STANDARD**

The 1996 Prisoner Litigation Reform Act requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

The Court must liberally read a pro se plaintiff's complaint. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10.

**DISCUSSION**

Plaintiff is no newcomer to this Court. He has filed at least six actions in the Eastern District of New York from 1993 until 2007, challenging his convictions and sentence.

Most recently, this Court dismissed Plaintiff's section 1983 case that commenced in 2005 for lack of subject matter jurisdiction. See McLamb v. Suffolk County, 05-CV-3619 (E.D.N.Y. Mar. 5, 2007) (dismissing with prejudice Plaintiff's complaint for

lack of subject matter jurisdiction). The Court dismissed as untimely Plaintiff's habeas corpus petition filed in 2005. See McLamb v. Goorde, 05-CV-618 (E.D.N.Y. Dec. 15, 2005) (dismissing Plaintiff's habeas corpus petition as untimely). The Court then dismissed Plaintiff's second habeas corpus petition filed in 2006 for lack of subject matter jurisdiction. See McLamb v. Goorde, 06-CV-6319 (E.D.N.Y. Feb. 13, 2007).

The Court again lacks subject matter jurisdiction over Plaintiff's newest matter which he filed pursuant to 28 U.S.C. § 2201. This federal statute grants courts the power to make declaratory judgments pertaining to parties' legal rights. See 28 U.S.C. § 2201. This statute, however, cannot substitute for Plaintiff's only source of relief here - a writ of habeas corpus. See Venetucci v. Dep't of State, 2005 U.S. Dist. LEXIS 12583, at *12-*14 (E.D.N.Y. June 21, 2005), aff'd, 206 U.S. App. LEXIS 5482 (2d Cir. Mar. 2, 2006) (holding that declaratory relief was unavailable to circumvent the prerequisites for issuance of a writ of habeas corpus).

Plaintiff seeks relief falling "squarely within the traditional scope of habeas corpus." Id. at *11 (quoting Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S. Ct. 1827, 36 L. Ed. 2d 439, (1973)). Plaintiff wants this Court to declare his prior 1969 sentence as invalid, release him from custody, and change the conditions of his current imprisonment.

The <u>Venetucci</u> case dealt with a similar situation. <u>See</u> <u>id.</u> The plaintiff in <u>Venetucci</u> had filed a declaratory judgment action to vacate his conviction and immediately release him from custody. <u>See</u> <u>id.</u> The plaintiff also had filed several habeas corpus petitions like the Plaintiff in this action. The <u>Venetucci</u> court dismissed the action for lack of subject matter jurisdiction.

This Court is compelled to do the same and dismisses this case for lack of subject matter jurisdiction and because the action is frivolous. Plaintiff seeks relief available to him only in a writ of habeas corpus. Plaintiff cannot circumvent the habeas corpus requirements by bringing this declaratory judgment action. <u>See</u> <u>id.</u> at *11-*12.

## **CONCLUSION**

For the reasons above, this Court DISMISSES this case with prejudice and orders the Clerk of the Court to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April 16, 2007